

# Fourth Court of Appeals
## San Antonio, Texas

December 22, 2020

No. 04-20-00502-CR

Kevin Arick Brice **O'DELL,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CR-20-010
Honorable M. Rex Emerson, Judge Presiding

# O R D E R

On October 21, 2020, this court ordered appellant to file a response by November 4, 2020 explaining why this appeal should not be dismissed for lack of jurisdiction. A copy of that order was sent to attorney Karli Illich Kennell; however, it has come to our attention that on September 18, 2020, the trial court appointed attorney Deborah S. Perry to represent appellant, and under article 26.04 of the Texas Code of Criminal Procedure, Ms. Perry represents appellant until his appeal is exhausted or until the trial court grants Ms. Perry the right to withdraw and appoints new counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04.

Ms. Perry is advised that a timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). When a defendant does not file a timely motion for new trial, a defendant must file a notice of appeal within thirty days after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See Olivo*, 918 S.W.3d at 522.

In this case, the clerk's record shows that on September 24, 2020, appellant mailed a request for forms to appeal an order of deferred adjudication entered on February 12, 2020. That request was filed by the district clerk on September 28, 2020. However, the notice of appeal was due by March 13, 2020 since the clerk's record does not contain a timely motion for new trial or

a timely motion for extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.2(a); *see also Olivo*, 918 S.W.3d at 522. Because it appears appellant's notice of appeal is untimely, we **ORDER** appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction **by January 4, 2021**.[1] *See Olivo*, 918 S.W.3d at 522; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

All other appellate deadlines remain SUSPENDED pending further order of this court.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 22nd day of December, 2020.

_____
MICHAEL A. CRUZ, Clerk of Court

---

[1] We also note the trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the criminal case is a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).